ROMÁN, PLAINTIFF AND APPELLEE, *v.* PÉREZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Arecibo in an Action of Unlawful Detainer.

No. 3013.—Decided May 4, 1923.

UNLAWFUL DETAINER— PRELIMINARY HEARING— DOCUMENTARY EVIDENCE. — The purpose of the preliminary hearing in an action of unlawful detainer is to apprise the parties of the documentary evidence to be offered at the trial in order to expedite the summary proceeding and afford a mutual opportunity to prepare to meet the issue so joined.

ID.—IDENTITY OF PROPERTY—CONFLICT OF TITLES.—If the defendant wholly failed to establish the proposition that the property sued for actually formed a part of the larger property described in his deed, that is a preliminary question of fact which, if decided in favor of the plaintiff, would eliminate the controversy as to title. On the other hand, if the property sued for is included within the area covered by the defendant's deed, the question of the effect of the judgment in the revendicatory action, under which the plaintiff claimed

ownership, on the validity of the title acquired by the defendant, is a matter which can not be determined in an action of unlawful detainer. The preliminary question not having been passed upon directly by the trial court, the case was remanded.

The facts are stated in the opinion.

*Mr. L. Mercader* for the appellant.

*Mr. L. Coballes* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiff in an action of unlawful detainer, claiming as owner in part and as lessee of other co-owners of a parcel of 15 *cuerdas* of land, alleged that having left the property temporarily in charge of one Ruperto Ríos, plaintiff later found defendant in possession without permission and against the will of plaintiff without payment of rent and indisposed to surrender possession.

Defendant answered setting up as an affirmative defense:

"1.—That the property of 15 acres described in the second count of the complaint, as therein appears, has never belonged to the plaintiff nor to any other person but the defendant himself, who is the sole owner with title of ownership thereto, and the parcel is an integral part of and is included in the property of which the defendant is the owner and has the dominion title and possession and which is described as follows: Rural estate composed of 36 acres, more or less, situated in the ward of 'Buena Vista.' of Hatillo; bounded on the north, formerly Jacobina Castro, to day Sinforoso Pérez; on the south, formerly José Félix Ruiz and Vicente Sierra Tur, now Jaime Torres; on the east by Jacinto de Arce, María Valentín and Francisco Terrón, formerly, today Sinforoso Pérez; and on the west by Carolina Galán and Juan Román Tanamá, formerly, today Alfredo Matheu and Antonio Torrado.

"2.—That the aforesaid 36 acres, of which the fifteen acres described in count II of the complaint form a part, was acquired by Juan Ríos Irizarry by a deed of July, 1920, executed before notary Manuel O. Figueroa and recorded in volume 29 of Hatillo at folios 76 *et seq.;* that Irizarry acquired it from the succession of José Domingo Vélez del Rosario; that the latter succession acquired it by inheritance from said José Domingo Vélez del Rosario who purchased it about the year 1891 since when the

latter and thereafter his succession, then Irizarry and subsequently down to the present time the defendant, possessed the same and it is now in the possession of said defendant quietly, publicly and uninterruptedly, under title of ownership, in good faith and with a just title, and therefore, even in the assumption that the plaintiff may have any right to such parcel, the said right would be prescribed in accordance with section 1858 of the Civil Code, the plaintiff and the parties by him considered as owners of the 15 acres always having been residents of this island.''

At the preliminary hearing plaintiff presented a certificate from the registry of property showing record of the 15 *cuerdas* in the name of plaintiff and others, and an agreement of lease.

Defendant, after reading his answer, tendered a deed from Juan Ríos and a certificate from the registrar of property.

Both parties announced an intention to adduce oral testimony at the trial, but plaintiff gave no intimation of any purpose to introduce additional documentary evidence.

At the trial, which was followed by a judgment for plaintiff, evidence was admitted over the objection of defendant tending to show that prior to the conveyance relied on by defendant and as the result of a revendicatory action, defendant's vendor was divested of whatever right, title or interest he might have claimed in the 15 *cuerdas*.

The effect of this evidence upon the mind of the trial judge is indicated by the following extract from the findings:

''Although the defendant alleges in his answer as a question of law that he is the owner of the same property of 15 acres which is the object of this litigation which is said to be included in another property of 36 acres acquired by Juan Ríos by purchase made in a public deed of July 1, 1920, the fact is that the plaintiff presented a complaint in revendication of the said property of 15 acres on January 13, 1919, against Juan Ríos who sold the 15 acres to the defendant, a judgment having been rendered in said litigation on February 10, 1919, sustaining the complaint, providing

for the eviction of Juan Ríos from and the delivery by him of the property of 15 *cuerdas* belonging to the plaintiff and claimed in this suit, the said property having been returned to the plaintiff by the marshal under an order of execution, who placed him in possession thereof and of which he was ousted by defendant Sinforoso Pérez while the plaintiff co-owner and lessee of the other co-owners, Juan Román Rivera, was ill and absent and prevented from attending to the property.

"The claim, therefore, made by the defendant of an adverse title is unfounded, since his grantor, Juan Ríos, did not have the ownership nor the possession of the property of 15 acres upon the execution of the deed of sale of July 1, 1920.

"A mere allegation of title can not destroy the possessory action of the plaintiff."

The facts here found, if true, would support a judgment for plaintiff in an action for recovery of possession by injunction; but we can not concur in the conclusion that they suffice to eliminate the question of title.

The purpose of the preliminary hearing is to apprise the parties of the documentary evidence to be offered at the trial, in order to expedite the summary proceeding and afford a mutual opportunity to prepare to meet the issues so joined.

Here defendant claimed ownership under a recorded title. There is nothing to show that the judgment in the revendicatory action had been placed upon the record or that any entry of *lis pendens* had been made. Plaintiff must be presumed to have known of the result in the previous action and of the existence of the documentary evidence adduced at the trial; and if the same had been produced at the preliminary hearing, or announcement made of an intention to offer same at the trial, it may be that defendant might have been able to establish a status as innocent purchaser without notice, constructive or otherwise. In any event, the evidence in question could have had no other purpose than to destroy the *prima facie* showing of ownership in defendant.

And as shown by the conflicting contentions of counsel, a determination of the effect of the alleged final judgment in the previous action as vesting title in plaintiff involves certain other questions of law the statement of which seems hardly necessary. In this, of course, we assume, as the trial judge seems to have done and as the proof of the former recovery from the vendor of defendant would seem to suggest, that the 15 *cuerdas* were included within the area described in the deed under which defendant claims.

But appellee insists that defendant wholly failed to establish the proposition that the 15 *cuerdas* actually formed a part of the larger tract described in his deed. That, of course, is a preliminary question of fact which, if decided in favor of plaintiff, would eliminate the controversy as to title. And, on the other hand, if the 15 *cuerdas* are included within the area covered by defendant's deed, then the question of the effect of the judgment in the revendicatory action upon the validity of the title acquired by defendant is a matter which can not be determined in a proceeding of this kind.

Inasmuch as this preliminary point does not appear to have been passed upon directly by the court below, we prefer to remand the case, leaving to the discretion of the trial judge the alternative of dismissing the action, if satisfied that the 15 *cuerdas* were included in the larger parcel purchased by defendant, or of entering such other order as may not be inconsistent herewith in the event of a contrary conclusion.

The judgment appealed from must be

*Reversed and remanded.*

Chief Justice Del Toro and Justices Wolf and Aldrey concurred.

Mr. Justice Franco Soto took no part in the decision of this case.